**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HNI CORPORATION, | : | |
| in its capacity as plan administrator | : | No. 1:16-cv-00746 |
| and fiduciary of the HNI Corporation | : | |
| Welfare Benefit Plan, | : | (Judge Kane) |
|      Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| JORDAN HESS, | : | |
|     Defendant | : | |

**MEMORANDUM**

Before the Court is Plaintiff's motion for default judgment. (Doc. No. 12.) As Defendant has yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant the motion and enter default judgment in favor of Plaintiff.

**I.    BACKGROUND**

On May 3, 2016, Plaintiff HNI Corporation brought this action for equitable relief against Defendant Jordan Hess pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3). Plaintiff is the administrator and named fiduciary of the HNI Corporation Welfare Benefit Plan ("the Plan"), as defined by 29 U.S.C. §§ 1002(16)(A) and 1102(a)(2). Defendant is a participant of the Plan. As alleged in the complaint, Plaintiff seeks reimbursement of $146,510.89 in benefits conditionally advanced under the Plan to cover Defendant's medical expenses for injuries he sustained from a motor vehicle accident on October 18, 2014.[1] (Doc. No. 1 ¶¶ 13-14.) In addition, Plaintiff seeks

---

[1] According to Plaintiff, the HNI Corporation Welfare Benefit Plan is a self-funded employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1). (Doc. No. 1 ¶ 1.)

attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1) and Federal Rule of Civil Procedure 54(d)(1) and interest pursuant to 28 U.S.C. § 1961(a).[2]  (Doc. Nos. 1 ¶ 33, 13 at 10-11.)

Plaintiff asserts that the Plan's subrogation and reimbursement provisions provide Plaintiff with a first priority right to recover amounts advanced for medical expenses from third-party settlement proceeds.  (Doc. No. 1 ¶¶ 17-22.)  According to Plaintiff, Defendant settled his state law tort and insurance claim for $200,000.00 from Donegal Insurance Company but has since refused to repay the medical benefits advanced by the Plan on his behalf from the settlement proceeds. (Id. ¶ 19.)

The record reveals that Defendant was personally served with the summons at his residence in Dalmatia, Pennsylvania, on May 13, 2016.  (Doc. No. 7.)  When Defendant failed to appear, answer, move, or otherwise respond to Plaintiff's complaint, Plaintiff requested the Clerk of Court enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 8.)  On June 14, 2016, the Clerk entered default against Defendant.  (Doc. No. 10.) On August 12, 2016, Plaintiff moved for default judgment under Federal Rule of Civil Procedure 55(b)(2).  (Doc. No. 12.)  Plaintiff has certified that copies of its motion for default judgment have been mailed via first class mail to Defendant's last-known addresses in Dalmatia and Millersburg, Pennsylvania.  (Doc. No. 12-1 at 2.)

After Defendant failed to appear or cure the entry of default, it came to the Court's attention that Defendant had been confined in the Dauphin County Prison awaiting trial in an unrelated criminal matter since June 1, 2016.  (Doc. No. 18 at 3.)  In light of this discovery, the Court ordered the Clerk to mail the complaint, the Clerk's entry of default, and Plaintiff's motion

---

[2] Specifically, Plaintiff requests $5,318.50 in attorneys' fees and $1,155.66 in costs.  (Doc. No. 13 at 12.)

for default judgment to Defendant at the Dauphin County Prison.  (Id.)  Defendant was instructed

to respond to Plaintiff's motion for default judgment within thirty (30) days of receipt of these

documents.  (Id. at 4.)  However, to date, Defendant has not responded to the pending motion for

default judgment.  Accordingly, the Court deems Plaintiff's motion for default judgment

unopposed, and it is now ripe for disposition.

## II.    STANDARD OF REVIEW

Default judgments are governed by a two-step process set forth under Rule 55 of the

Federal Rules of Civil Procedure.  An entry of default by the clerk of court under Rule 55(a) is a

prerequisite to a later entry of a default judgment under Rule 55(b).  10A Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a

default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as

provided by Rule 55(a).").  Once the clerk of court has entered a default, the party seeking the

default may then move for the Court to enter a default judgment under Rule 55(b)(2).  Entry of

default does not entitle a claimant to default judgment as a matter of right.  10 James Wm. Moore

et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010).  Indeed, it is well settled

that decisions relating to default judgments are committed to the sound discretion of the district

court.  Emcasco Ins. Co.v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

"Three factors control whether a default judgment should be granted: (1) prejudice to the

plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and

(3) whether defendant's delay is due to culpable conduct."  Chamberlain v. Giampapa, 210 F.3d

154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195

(3d Cir. 1984)).  If the defendant fails to appear, as is the case here, a court may "enter a default

judgment based solely on the fact that the default occurred," without considering the

Chamberlain factors.  Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168,

177 n.9 (3d Cir. 1990).

"A finding that default judgment is appropriate, however, is not the end of the inquiry."

Martin v. Nat'l Check Recovery Servs., LLC, No. 1:12-CV-1230, 2016 WL 3670849, at *1

(M.D. Pa. July 11, 2016).  Prior to its entry of default judgment, the Court must determine

whether the "unchallenged facts constitute a legitimate cause of action."  Wright et al., supra, at

§ 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537,

541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must first

ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in

default does not admit mere conclusions of law.") (citations omitted).  In conducting this inquiry,

"the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as

though they were established by proof."  E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F.

Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted).  However, the Court need not accept the

moving party's factual allegations relating to the amount of damages.  Comdyne I, Inc. v.

Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III.    DISCUSSION

Upon review of Plaintiff's motion for default judgment, the Court finds that the

Chamberlain factors weigh in favor of granting default judgment.  First, if default is denied,

Plaintiff will be prejudiced, as Plaintiff will be unable to proceed with the action due to

Defendant's failure to respond.  See Broad. Music, Inc. v. Kujo Long, LLC, No. 14-449, 2014

WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) ("Plaintiffs will be prejudiced . . .  by their current

4

inability to proceed with their action due to Defendants' failure to defend.").  Second, Defendant

has not responded in any way to the allegations, and therefore has not asserted any defenses.  See

Laborers Local Union 158 v. Fred Shaffer Concrete, No. 1:CV-10-1524, 2011 WL 1397107, at

*2 (M.D. Pa. Apr. 13, 2011) (Kane, J.).  Finally, Defendant was properly served at his last-

known addresses, and the Court, on its own initiative, ordered the complaint, the Clerk's entry of

default, Plaintiff's motion for default judgment, and other relevant documents to be sent to

Defendant at the Dauphin County Prison.  (Doc. No. 18 at 3).  However, Defendant did not

respond.  Therefore, Defendant is culpable for failing to appear.  See Laborers Local Union 158,

2011 WL 1397107, at *2.  Accordingly, the Court finds that default judgment is appropriate.

Having found that default judgment is appropriate, the Court turns to whether the

allegations in the complaint, taken as true, are sufficient to show a violation of ERISA Section

502(a)(3).

Under Section 502(a)(3) of ERISA, a plan fiduciary may bring a civil action in order to

obtain equitable relief "to enforce . . . the terms of the plan."  29 U.S.C. § 1132(a)(3)(B)(ii).

Equitable relief under Section 502(a)(3) includes the types of relief that were available in equity

when the courts of law and equity were divided.  Mertens v. Hewitt Assoc., 508 U.S. 248, 256

(1993).  According to the Supreme Court of the United States, whether relief is equitable or legal

depends upon "'the basis for the [plaintiff's] claim' and the nature of the underlying remedies

sought."  Great-W. Life & Annuity Ins. Co. v. Knudson, 122 S.Ct. 708, 714 (2002) (quoting

Reich v. Cont'l Cas. Co., 33 F.3d 754, 756 (7th Cir. 1994)).  A plaintiff's claim has an equitable

basis if an equitable lien by agreement is created, which occurs when a beneficiary agrees to

reimburse an insurance plan for medical expenses out of a "specifically identified" settlement

5

fund after the beneficiary settles with a third party.  <u>Sereboff v. Mid Atl. Med. Serv.</u>, 547 U.S. 356, 364 (2006); <u>see</u> <u>Montanile v. Bd. of Tr. of Nat'l Elevator Indus. Health Benefits Plan</u>, 136 S. Ct. 651, 658 (2016).  A remedy is equitable if the plaintiff seeks to enforce the equitable lien by agreement against "specifically identified funds that remain in the defendant's possession or against traceable items that the defendant purchased with the funds."  <u>Id.</u>

The complaint alleges that Defendant agreed to repay the Plan for the medical expenditures made by the Plan on his behalf if Defendant was reimbursed for those expenses from both the Plan and a third party.  (Doc. No. 1 ¶ 17.)  Plaintiff also alleges that Defendant received $200,000 from a settlement with a third party for Defendant's injuries in a motor vehicle accident (<u>Id.</u> ¶ 19), yet has not reimbursed Plaintiff for the $146,510.89 paid for Defendant's medical expenses pursuant to the Plan.  (<u>Id.</u> ¶¶ 14, 21.)  Finally, Plaintiff alleges that the settlement funds received by Defendant and owed to the Plan are in Defendant's possession, and therefore, Plaintiff is entitled to an equitable lien by agreement on the $146,510.89 that Defendant owes to the Plan.  (Doc. Nos. 1 ¶ 23, 13 at 4.)

Plaintiff has sufficiently alleged that an equitable lien by agreement was created by the Plan that attached to specifically identified funds; namely, Defendant's recovery from a third party for medical expenses that had already been paid by Plaintiff pursuant to the terms of the Plan.  Thus, the Court finds that the factual allegations set forth in the complaint, taken as true, are sufficient to state a claim under Section 502(a)(3) of ERISA.  Accordingly, Plaintiff is entitled to default judgment on its ERISA Section 502(a)(3) claim.

As a final matter, the Court must resolve Plaintiff's request for reimbursement, attorney's fees and costs.  With respect to the proposed reimbursement award, the Court finds that Plaintiff

has sufficiently supported its claim that the Plan expended $146,510.89 on Defendant's medical expenses through the affidavit of Marsha Anderson and an itemized report of the Plan's payments on behalf of Defendant.  (Doc. Nos. 15, 15-1.)  Therefore, Plaintiff is entitled to recover $146,510.89 from Defendant's $200,000 settlement.

With respect to Plaintiff's request for attorneys' fees in the amount of $5,318.50 and costs in the amount of $1,155.66 (Doc. 13 at 12.), the Court is guided by 29 U.S.C. § 1132(g), which provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party" in actions under this subchapter.  29 U.S.C. § 1132(g)(1).  Here, Plaintiff has submitted affidavits of Ryan L. Woody and Richard A. Estacio in support of its request for attorneys' fees, as well as exhibits indicating the number of hours expended by Plaintiff's attorneys on this litigation, the tasks conducted during that time, and the hourly fees of the attorneys.  (Doc. Nos. 16, 16-1, 17, 17-1.)  Because Plaintiff submitted adequate support to demonstrate that its request for attorneys' fees is reasonable, Plaintiff is entitled to $5,218.50 in attorneys' fees.  See Einhorn v. Connor, No. 15-5910, 2016 WL 3919660, at *3 (D.N.J. July 19, 2016).  Similarly, because Plaintiff submitted proof of costs incurred (Doc. No. 16-3), Plaintiff is entitled to $1,155.66 in costs.  See Einhorn, 2016 WL 3919660, at *3.

Finally, as it relates to Plaintiff's request for post-judgment interest from the date of entry of default judgment until Defendant satisfies the judgment (Doc. No. 13 at 11.), 28 U.S.C. § 1961(a) instructs that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week

preceding the date of the judgment." 28 U.S.C. § 1961(a).  Because interest on a district court

civil judgment is mandatory if requested, Plaintiff is entitled to post-judgment interest accruing

from the date of entry of default judgment at the rate designated under 28 U.S.C. § 1961(a).  Tr.

of the Pipefitters and Plumbers Local 524 Pension and Annuity Plan, No. 3:15-2085, 2016 WL

4479394, *4 (M.D. Pa. Aug. 25, 2016).

## IV.    CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's motion for default judgment.

(Doc. No. 12.)  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania